BARNETT v. PRUSSIAN NAT. INS. CO.
(No. 2132.)

(Court of Civil Appeals of Texas. Texarkana. May 14, 1919. Rehearing Denied May 29, 1919.)

INSURANCE ⬤605(4)—FIRE INSURANCE—LOSS —EVIDENCE.

In action on fire policy on goods and fixtures in a store for partial loss by fire which covered an area six feet square and did not burn through the floor, evidence *held* sufficient to support findings as to loss and damages sustained.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Elmer Barnett against the Prussian National Insurance Company. Judgment for plaintiff, and he appeals, on ground that recovery is insufficient. Affirmed.

W. L. Eason, of Waco, for appellant.
Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellee.

LEVY, J. The suit is on a fire insurance policy issued by appellee company to the appellant, a merchant, in the sum of $2,500 on a stock of dry goods and groceries, and $500 on the fixtures in the store. A fire occurred on August 28, 1916, destroying some of the insured property and damaging to some extent a portion of the rest of it. The defendant company answered by denial, and pleaded in bar a breach of certain stipulations in the policy respecting appraisal of the loss. The case was submitted on special issues, and the jury findings involved in the assignments of error are: (1) That the actual cash value of the plaintiff's stock of merchandise immediately preceding the fire was $4,667.88, and immediately after the fire was $3,111.89; and that (2) the cash value of the fixtures immediately before the fire was $600, and immediately after the fire was $400. The court rendered judgment on the verdict in favor of the plaintiff, who appeals.

The first and second assignments of error challenge the above findings of fact made by the jury as to the amount of loss and damage sustained on the stock of merchandise and on the fixtures. The appellant insists that the uncontradicted evidence authorizes a finding of greater loss and damage than was determined by the jury. It is believed that these findings of the jury are not so contrary to the evidence as to require the same to be set aside. The facts as to the condition and the value of the goods were testified to, and from such evidence the jury could make their own conclusion as to value and loss, as in their province to do. For instance, it appeared in evidence from the written contract between the plaintiff and A. J. Jarrell that the plaintiff was to get the stock of dry goods at invoice price with 10 per cent. off, in the aggregate sum of $5,400. There was testimony that the stock "was a very inferior stock" and "was a poor stock." The witness Roddy testified as follows:

"I believe that that stock of goods when I saw it would sell for about 33⅓ cents on the dollar—maybe 35 cents on the dollar. * * * From the examination I made of the stock while I was in there I could tell the condition of that

stock prior to the fire as though I had been in there before the fire, or as though no fire had occurred. My recollection is that the fire did not hurt the dry goods nor the shoes nor the clothing. The shoes were in the original boxes on the shelves and were not hurt by the fire, and so was the other stuff. From 33⅓ to 35 or 36 cents would represent the value of the goods if the fire had not occurred, so far as my judgment goes—that much on the dollar."

As to the size and area of the fire there was testimony showing that "six feet square would cover the burned area. The fire did not burn through the floor." There was evidence showing that the goods burned up would inventory $102.05 on the basis of 10 per cent. added to the invoice price. And there was also evidence concerning the value of the groceries and concerning the worn condition and value of the fixtures.

We have considered the assignments predicating error upon alleged misconduct of the jury, and conclude that the trial court's judgment in this respect should not be set aside.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes